## N. T. ALLMAN v. B. CORBAN, et al.

LIEN, MECHANIC'S. *Does not exist.* *When.* No lien exists in favor of a person who is not a machinist, contractor, or undertaker, under §1981a of the Code, for merely having furnished the machinery to a mill building, without having aided in the construction of the building or putting up of the machinery. The phrase "building contemplated," in the Act, is held to mean the "house" which has been "constructed, built, or repaired," and not machinery or fixtures placed in the house or building.

Cases cited: Greenwood v. Tenn. Manuf. Co., 2 Swan, 135; Iron Manuf. Co. v. Bynum, 3 Sneed, 268; Stevens v. Wells, 4 Sneed, 387.

Code cited: §§1981, 1981a.

### FROM MONTGOMERY.

Appeal from the Chancery Court. ——————, Chancellor.

No record to be found.

DEADERICK, J., delivered the opinion of the Court.

Defendant Corban, on August 20, 1860, bought of complainants the machinery for a mill, and executed his two notes each for $650, due respectively at six and twelve months, for the price.

Corban had the house erected in which the machinery was placed and operated.

Allman was a merchant, and owned, also, a mill, the machinery of which he removed from his mill, and sold to Corban.

In January, 1861, Corban being indebted to defendant McFall, conveyed to him the land, and mill situate thereon; and on August 9, 1861, complainant filed his original bill in the Chancery Court at Clarksville, claiming a lien upon the said land and mill; and on August 24, 1861, he filed his amended bill, showing that the note, payable at twelve months, had fallen due since the filing of his original bill, and claiming his lien for the same.

The defendant McFall answered, and denied that complainant was entitled to any lien, and upon a reference made to the Master, he reported against complainant's rights to the lien claimed, and upon exception to said report, the Chancellor decreed in favor of complainant's claim, and defendant McFall has appealed.

The record shows that complainant was not a machinist, or contractor, or undertaker; that he did nothing toward the construction of the building, or putting up of the machinery for Corban, but had pur-

chased the machinery, and used it in his own mill, and afterward sold it to Corban.

§1981 of the Code gives a lien upon any lot of ground or tract of land upon which a house has been built or repaired, or fixtures or machinery furnished or erected, or improvements made, "in favor of the mechanic or undertaker, founder or machinist," who does the work or furnishes the materials, or puts thereon any fixtures, machinery, or material.

In 2 Swan, 135, this Court, in construing the Act of 1846, which gives a lien for materials furnished and work done by a mechanic or undertaker, holds that the lien is not given to a merchant who furnishes machinery. Nor did that Act embrace founders and machinists, nor contractors or undertakers. 3 Sneed, 268; 4 Sneed, 387. Nor to other persons except journeymen, upon condition of notice, etc.

As has been seen, the lien has been extended by §1981a of the Code, so as to include "founders and machinists." It had been decided by this Court, in 1855, that the lien did not exist in favor of a mechanic furnishing machinery to be used in a building. 3 Sneed, 268.

In 1857, it was held, that a dealer in lumber furnishing the owner of land a quantity of lumber to build a house thereon, had no lien, but stood as other creditors of the owner. 4 Sneed, 387.

Then followed the Act of 1859–60, Code, §1981a, providing that "§1981 of the Code be so amended that the benefits of said section shall apply to all per-

Allman *v.* Corban.

sons doing any portion of the work, or furnishing any portion of the material for the building contemplated in said section."

The "building contemplated," we are of opinion, is the "house," which has been "constructed, built, or repaired,". and not machinery or fixtures placed in the house or building.

This, we think, is the fair and reasonable construction of the language used. If it had been intended that the Act should have a more comprehensive operation, it ought to have so provided.

Allman was neither contractor, undertaker, founder, or machinist, in the sense of the Statute, nor did he do any work or furnish any material for the building contemplated by the Statute, and was, therefore, not entitled to the lien contemplated thereby.

We are, therefore, of opinion that the decree of the Chancellor was erroneous, and it will be reversed, and the bill will be dismissed, with costs.